IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Stifel Financial Corp.,

      Plaintiff,

v.

Michael J. Iannarino.

      Defendant.

Case No: 2:18-cv-1223

Judge Graham

Magistrate Judge Jolson

## Order

Plaintiff Stifel Financial Corporation brings this diversity action for payment on a note. This matter is before the Court on plaintiff's unopposed motion for prejudgment attachment of defendant Michael Iannarino's assets. For the reasons set forth below, the Court grants the motion.

### I.

Plaintiff is an affiliate of Stifel Nicolaus & Company, Inc. (SNC), a Missouri corporation. On June 26, 2018, SNC entered into an employment agreement with Iannarino by which he would become a financial advisor in SNC's Columbus office. Iannarino's employment began on August 29, 2018.

The employment agreement contained a compensation provision. It separately provided Iannarino with the option to receive a personal loan from plaintiff in the amount of $900,000. His eligibility for the loan depended upon him being in "active working status" with SNC.

On September 26, 2018, Iannarino executed a note to plaintiff in the amount of $900,000. The note provided that his continued employment at SNC was a material condition of the loan. Termination from employment would constitute an event of default, for which the remaining principal and accrued interest on the loan would become immediately due and payable by Iannarino.

Plaintiff transferred $450,000 to a Stifel account in Iannarino's name on October 3, 2018 as partial payment on the note. Later that day, Iannarino transferred $300,000 to a business account he has at PNC Bank and $30,000 to his personal checking account at CME Federal Credit Union. On October 5, he transferred the remaining $120,000 to the PNC account.

On October 3, Iannarino had a confrontation with Lynn Heatwole, Manager of SNC's Columbus branch. Iannarino requested that he be allowed to do a block trade for clients with accounts with Charles Schwab. Ms. Heatwole denied the request, stating that he could trade only on accounts at SNC. According to Ms. Heatwole, Iannarino got upset and said that he would do what was best for his clients, regardless of SNC's rules. See Heatwole Decl. at ¶¶ 15-17.

On October 4, Heatwole became aware that Iannarino had made the Charles Schwab trade. She immediately confronted him. He again got upset, said that he did not care about SNC's rules, and asked if he was being fired. Id. at ¶ 20. Heatwole told Iannarino that she would collecting facts about his conduct. Id. at ¶ 21.

After the exchange with Heatwole, Iannarino left the office for the day at about 2:30 p.m. At 4:29 p.m., he sent Heatwole a text message asking if he was being fired. She did not respond. Ten minutes later, Iannarino sent a text message to his administrative assistant with this instruction: "Move the rest of my cash into the PNC account now please." Rainsberg Decl. at ¶ 5. She was unable to move the funds yet that day, but she did transfer the remaining $120,000 into his PNC account on the next day.

Iannarino did not appear for work on October 5, which was a Friday, or on the following Monday. His employment was terminated on Thursday, October 11. He has not repaid any of the amounts due under the loan.

II.

Federal Rule of Civil Procedure 64 provides that the remedy of attachment is available in federal court to the extent it is available under state law. In Ohio, "attachment against the property, other than personal earnings, of a defendant may be had in a civil action for the recovery of money, at or after its commencement" upon a number of grounds. O.R.C. § 2715.01(A). One of those grounds is that "defendant has assigned, removed, disposed of, or is about to dispose of, property, in whole or part, with the intent to defraud creditors." Id. at § 2715.01(A)(9).

In an action for the recovery money, a plaintiff who moves for attachment of property must establish the following by affidavit:

(A) The nature and amount of the plaintiff's claim, and if the claim is based upon a written instrument, a copy of that instrument;

(B) The facts that support at least one of the grounds for an attachment contained in section 2715.01 of the Revised Code;

(C) A description of the property sought and its approximate value, if known;

(D) To the best of plaintiff's knowledge, the location of the property;

(E) To the best of the plaintiff's knowledge, after reasonable investigation, the use to which the defendant has put the property and that the property is not exempt from attachment or execution.

(F) If the property sought is in the possession of a third person, the name of the person possessing the property.

O.R.C. § 2715.03.

The defendant must be served with the motion for prejudgment attachment and with the affidavit supporting the motion. O.R.C. § 2715.042(A)(1). Plaintiff must also file with the clerk of court a praecipe complying in form and content with O.R.C. § 2715.041. The praecipe should request the clerk to issue a notice to the defendant of the attachment proceeding against him. The notice advises the defendant of his rights, including the right to request a hearing. O.R.C. § 2715.041.

Upon receiving the notice of the attachment proceeding, a defendant may receive a hearing by requesting one within five business days. O.R.C. § 2715.04. The defendant has a right to produce evidence at the hearing.

If a defendant does not request a hearing, the court shall summarily issue an order of attachment if it finds that defendant was properly served with the notice, motion and affidavit and that, based on the affidavit, there is "probable cause to support the motion." O.R.C. §§ 2715.04, 2715.042(A).

"Probable cause to support the motion" exists when "it is likely that a plaintiff who files a motion for attachment . . . will obtain judgment against the defendant against whom the motion was filed that entitles the plaintiff to a money judgment that can be satisfied out of the property that is the subject of the motion." O.R.C. § 2715.011(A).

III.

The Court finds that plaintiff is entitled to prejudgment attachment under Ohio law. The affidavits submitted with the motion for prejudgment attachment satisfy the six requirements of O.R.C. § 2715.03(A)-(F). First, the affidavits and supporting documentation establish that plaintiff's claim is based upon a written instrument, namely, the note Iannarino executed on September 26, 2018 and for which Iannarino took partial payment of $450,000 on October 3 and 5, 2018.

3

Second, plaintiff has presented facts supporting one of the grounds for attachment. Iannarino transferred a significant portion of the funds out of his Stifel account after he exhibited a suspicion that he was about to be fired. His instruction to his assistant conveyed a sense of urgency: "move the rest of my cash . . . now." Under the terms of his employment agreement and the note he signed, he was aware that he would not be entitled to the funds once his employment was terminated. These facts satisfy the ground for attachment for when "defendant has assigned, removed, disposed of, or is about to dispose of, property, in whole or part, with the intent to defraud creditors." O.R.C. § 2715.01(A)(9).

Regarding the other four requirements found in O.R.C. § 2715.03(C)-(F), plaintiff has identified the two accounts, by bank account number, where the $450,000 in funds were last known to be located. Plaintiff has discovered that the holder of the PNC business account (where $420,000 of the funds were transferred to) is Cephas Capital Partners & Advisory, LLC, an entity of which Iannarino is a manager and member. The location of these funds supports an inference that Iannarino intends to use them for the benefit of Cephas Capital. Finally, plaintiff has established that the property is not exempt from attachment. Ohio law exempts certain benefit payments, such as workers' compensation, unemployment, and social security. O.R.C. § 2715.041(A). Under the employment agreement and note, the funds made available to Iannarino were a loan.

Plaintiff must also demonstrate that defendant has notice of the motion for prejudgment attachment, and the Court finds that plaintiff has satisfied this requirement as well. Plaintiff has submitted proof that Iannarino was personally served with a copy of the summons, complaint and the motion for prejudgment attachment, along with the attached affidavits and documentation. Service was effected by a United States Marshal on October 25, 2018 at an address in Columbus. The Marshal noted that Iannarino stated he would give the documents to his attorney. See Doc. 8.

On November 2, 2018, plaintiff complied with O.R.C. § 2715.041 by submitting to the Clerk of Court a praecipe for notice of a proceeding for attachment. The Clerk issued the notice on November 6 and included a form by which the defendant could request a hearing. Plaintiff has submitted proof that the notice was served on November 6, 2018 on an attorney, Eliott Good, who represented to plaintiff's counsel that he was representing Iannarino in this matter. Mr. Good further represented that Iannarino had provided him with the complaint and motion for prejudgment attachment.

Iannarino did not request a hearing within five business days of receiving the notice, nor has he otherwise opposed the motion. When a request is not made, the court shall issue an order of

4

attachment if it finds that service has been made and there is probable cause to support the motion. O.R.C. §§ 2715.04, 2715.042. The Court finds that probable cause has been shown. The termination of Iannarino's employment was an event of default which caused the note to be immediately due on October 11, 2018. Iannarino has refused to pay the remaining principal and interest. As such, the Court finds on the present record that it is likely plaintiff will obtain a judgment which "entitles the plaintiff to a money judgment that can be satisfied out of the property that is the subject of the motion." O.R.C. § 2715.011(A).

IV.

The Court now turns to the matter of a bond. Plaintiff concedes that it is required to file a bond or cash deposit with the Court before the attachment order can become effective under Ohio law. O.R.C. § 2715.044. The statute provides that the amount of the bond or deposit must be twice the amount of the value of property attached:

> An order of attachment issued by a court shall not be effective until the plaintiff that filed the motion for attachment files with the court a bond to the defendant against whom the motion was filed, executed by the plaintiff" surety, in an amount twice the approximate value of the property to be attached under the order, to the effect that, should judgment be issued against the plaintiff, the plaintiff will return the property taken or pay the value so assessed, at the election of the defendant, and also pay the damages suffered by the defendant as a result of the taking and detention of, and any injury to, the property and the costs of the action.

Id. The court may waive the bond requirement when the plaintiff is indigent or the defendant is a foreign corporation. Id.

Courts have referred to the twice-the-property-value bond amount as a requirement and a mandate (except in cases of indigency or a foreign corporation). See Enable Healthcare, Inc. v. Cleveland Quality Healthnet, LLC, No. 1:16-CV-2395, 2016 WL 6821980, at *2 (N.D. Ohio Nov. 18, 2016); Clevenger v. JMC Mech., Inc., No. 2:15-CV-2639, 2015 WL 12683415, at *2 (S.D. Ohio Aug. 28, 2015); Midwest Fireworks Mfg. Co. v. Gibel, No. 76843, 2000 WL 336513 at *1 (Ohio Ct. App. Mar. 30, 2000).

Nonetheless, plaintiff argues that the Court has discretion to require a much lower, and even nominal, bond amount. In support, plaintiff cites a single case, Williamson v. Recovery Ltd. P'ship, 731 F.3d 608 (6th Cir. 2013), concerning district court proceedings in which both preliminary injunctive relief and relief under Ohio's attachment provisions were granted. The district court entered an injunction with respect to gold coins recovered from a shipwreck and worth several million dollars. The court also ordered the attachment of crates of recovered artifacts, whose value

5

was not described. In the order granting both forms of relief, the court ordered plaintiffs to post a $500 bond. See July 18, 2012 Order (Doc. #738) in Williamson v. Recovery Ltd. P'ship, Case No. 2:06-cv-292 (S.D. Ohio). On appeal, the Sixth Circuit did not disturb the bond requirement. See Williamson, 731 F.3d at 628-9.

This Court finds that Williamson is distinguishable from the case at hand. Importantly, the defendant in possession of the crates was a foreign corporation and the court therefore had discretion to waive the bond requirement. See Apr. 24, 2006 filing (Doc. #2-4 at ¶ 5), June 18, 2012 filing (Doc. 707 at pp. 19-2), and July 18, 2012 Order (Doc. #738 at p. 1) in Williamson, Case No. 2:06-cv-292 (S.D. Ohio). Moreover, the Sixth Circuit expressly did not reach the issue of the bond requirement. Though holding that it had jurisdiction to hear appeals regarding the grant of injunctive relief, the court held that it did not have jurisdiction over appeals from the attachment order. See Williamson, 731 F.3d at 620-21. Thus, the court did not disturb the $500 bond order and held that it did "not have jurisdiction to entertain arguments on this issue" of whether the district court abused its discretion in setting the bond. 731 F.3d at 628.

Here, the Court finds no cause to vary from Ohio law's mandate that plaintiff post a bond "in an amount twice the approximate value of the property to be attached under the order." This requirement, Ohio courts have emphasized, is a critical due process protection to the defendant. See Peebles v. Clement, 63 Ohio St. 2d 314, 408 N.E.2d 689 (Ohio 1980); State ex rel. Goldberg v. Mahoning Cnty. Prob. Court, 93 Ohio St. 3d 160, 165–66, 753 N.E.2d 192, 199 (Ohio 2001); Midwest Fireworks, 2000 WL 336513 at *3 ("[T]he requirement that the plaintiff post a bond is an essential component of the mandatory judicial supervision of the attachment procedure which is necessary in order to provide the defendant with due process of law. Absent a bond in this instance, an essential element of judicial supervision was absent and there was an insufficient guarantee of due process.").

V.

Accordingly, plaintiff's motion for prejudgment attachment (doc. 5) is GRANTED. Defendant Iannarino, either directly or through his business entity Cephas Capital Partners & Advisory, LLC, shall not transfer, move, sell or encumber the $450,000 drawn from his Stifel account and transferred to the accounts at PNC Bank and CME Federal Credit Union, which are identified by account number in plaintiff's affidavit, until further order of the Court.

This order shall not become effective until plaintiff has submitted a $900,000.00 bond to the Clerk of Court.

s/ James L. Graham<br>JAMES L. GRAHAM<br>United States District Judge

DATE: December 3, 2018