IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Stifel Financial Corp.,

       Plaintiff,

   v.

Michael J. Iannarino.

       Defendant.

Case No: 2:18-cv-1223

Judge Graham

Magistrate Judge Jolson

Opinion and Order

Plaintiff Stifel Financial Corporation brings this action against defendant Michael J. Iannarino, who defaulted on a Promissory Note in the principal amount of $900,000. This matter is before the Court on Plaintiff's motion for default judgment, which is granted as set forth below.

I.

Plaintiff Stifel Financial is an affiliate of Stifel Nicolaus & Company, Inc. (SNC), a Missouri corporation. On June 26, 2018, SNC entered into an employment agreement with Iannarino by which he would become a financial advisor at SNC's Columbus office. Iannarino's employment began on August 29, 2018.

The employment agreement provided Iannarino with the option to receive a personal loan from Plaintiff in the amount of $900,000. His eligibility for the loan depended upon him being in "active working status" with SNC.

On September 26, 2018, Iannarino executed a Promissory Note to Plaintiff if the amount of $900,000. The Note provided that his continued employment at SNC was a material condition of the loan. Termination from employment would constitute an event of default, for which the remaining principal and accrued interest on the loan would become immediately due and payable by Iannarino.

Plaintiff transferred $450,000 to a Stifel account in Iannarino's name on October 3, 2018 as partial payment on the Note. Later that day, Iannarino transferred $300,000 to a business account he held at PNC Bank and $30,000 to his personal checking account at CME Federal Credit Union. On October 5, he transferred the remaining $120,000 to the PNC account.

SNC terminated Iannarino's employment on October 11, 2018. Iannarino refused to repay the amount he had drawn on the Note.

Plaintiff filed this action and moved for an order of prejudgment attachment, which the Court granted. PNC reversed the $120,000 transfer from October 5, and plaintiff has recovered that amount. This leaves a principal amount of $330,000 due under the Note.

II.

Federal Rule of Civil Procedure 55(b) provides that default judgment may be entered upon motion of the plaintiff following an entry of default by the Clerk of Court. Here, the Clerk of Court has made an entry of default as to Iannarino, and Plaintiff now moves for default judgment for a sum certain. The Clerk of Court mailed the motion for default judgment to Iannarino's mailing address on file – the same address at which a United States Marshal personally served Iannarino with the complaint and summons.[1] In addition, Plaintiff emailed the motion for default judgment to an attorney whom plaintiff understood was representing Iannarino at the time. Iannarino has not filed a response to the motion or made an appearance.

The Court finds that Plaintiff is entitled to default judgment for a sum certain. "Sums certain are sums that can be calculated from the terms of a written document such as a contract or promissory note." Ironworkers Dist. Council of S. Ohio v. Reinforcing Servs. Co., LLC, No. 3:09-cv-067, 2009 WL 4154905, at *2 (S.D. Ohio Nov. 20, 2009) (citing Dailey v. R & J Commercial Contracting, No. 2:01-cv-403, 2002 WL 484988 at *3 (S.D. Ohio Mar. 28, 2002)). Plaintiff has submitted the Promissory Note which Iannarino executed on September 26, 2018. Plaintiff has also established by affidavit that Iannarino owes $330,000 under the Note. See Fed. R. Civ. P. 55(b)(1) (requiring plaintiff to submit an affidavit showing the sum certain due).

Plaintiff further requests that the judgment include interest due under the Note. The Note provides that past due principal on the loan "shall bear interest (both before and after judgment, to the extent permitted by applicable law) at the rate of twelve percent (12%) per annum provided that interest shall be reduced to the extent required under applicable law, including applicable state usury law." See Promissory Note § 2. Under Ohio's usury law, the maximum rate of interest on a loan is 8% per annum. See O.R.C. § 1343.01(A). However, the law further provides that parties to a bond, bill or promissory note may agree to a rate of interest higher than 8% if the original amount of principal

---

[1] The record also establishes that Iannarino was personally served by a U.S. Marshal with the Court's prejudgment attachment order and related notices.

indebtedness exceeds $100,000. Id. at § 1343.01(B)(1). Because the original amount of principal indebtedness exceeded $100,000, the Note's interest rate of 12% is enforceable under Ohio law.

The Court finds that interest should accrue beginning on October 16, 2018, five days after the date Iannarino's employment was terminated. The entire unpaid balance became due upon termination. See Promissory Note § 4. The Note gives the borrower five days after a due date to make payment on amounts due. Id. at § 3.

Finally, Plaintiff requests attorney's fees and costs. The Note provides that the borrower shall indemnify Plaintiff for attorney's fees and costs in connection with the collection of amounts due and payable under the Note. Id. at § 8. Attorney's fees must be reasonable, both in terms of hours expended and the hourly rate charged. See Miller v. Grimsley, 197 Ohio App. 3d 167, 173, 966 N.E.2d 932, 937 (Ohio Ct. App. 2011) (citing cases).

Plaintiff has submitted the affidavit of counsel along with itemized billing statements. The statements show that counsel expended 60.5 billing hours on this matter and billed a total in attorney's fees of $25,838. This equates to an hourly rate of about $425 per hour. Two of the attorneys who worked on the matter each have 25 years of experience, while a third attorney has 10 years of experience.

The Court finds that the hourly rate of $425 per hour is reasonable for experienced counsel in commercial litigation. See MB Fin. Bank , N.A. v. Sneed, No. 1:16-cv-531, 2017 WL 2730611, at *2 (S.D. Ohio June 26, 2017) (finding a rate of $430 per hour to be reasonable for experienced counsel in commercial litigation and bankruptcy).

The Court, however, finds that the number of hours expended is excessive. This litigation has consisted of the filing of the complaint, service, prejudgment attachment, and default judgment. A number of fee entries (25, by the Court's count) do not relate directly to one of those matters. For instance, some entries relate to the drafting of correspondence to Iannarino's clients, coordination with the City of Columbus Police on the date of Iannarino's termination, post-service examination of Iannarino's social media accounts, and various telephone conferences, including calls to the Ohio Division of Securities. The Court will exclude these items from the fee award.

The Court will include those fees which relate directly to service of process, as well as to the drafting and filing of the complaint, the motion for prejudgment attachment, and the motion for default judgment. The Court finds that 41.6 hours were expended on these matters, and that a reasonable attorney's fee amount is $17,680.00.

Plaintiff has also submitted proof of costs in the amount of $1066.54. The Court notes, however, that with respect to the $500 deposit with the U.S. Marshal for service of process, the Marshal imposed final charges of $87.68 and $65.00 (Docs. 8, 24) and issued a refund to Plaintiff. Thus, the Court adjusts the costs to $719.22.

III.

Accordingly, plaintiff's motion for default judgment for a sum certain (doc. 15) is GRANTED. The Clerk of Court shall enter a Final Default Judgment for Plaintiff Stifel Financial Corporation and against Defendant Michael J. Iannarino in the amount of Three Hundred and Thirty Thousand Dollars ($330,000.00), plus interest on that amount at a rate of 12% per annum beginning on October 16, 2018. The Clerk of Court shall additionally award attorney's fees in the amount of Seventeen Thousand, Six Hundred and Eighty Dollars ($17,680.00), and costs in the amount of Seven Hundred, Nineteen Dollars and Twenty-Two Cents ($719.22).

The Clerk is instructed to mail copies of this Order and the Final Default Judgment to Defendant Michael J. Iannarino at the address for which he was personally served with the complaint (Doc. 8) and at the two addresses indicated on the most recent return of process (Doc. 24).

IT IS SO ORDERED.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: May 9, 2019